UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JASON CAMACHO AND ON BEHALF OF ALL   :
OTHER PERSONS SIMILARLY SITUATED,    :
                                     :   No.: 18-CV-10535 (PAE)(KHP)
                    Plaintiffs,      :
                                     :
                                     :
         v.                          :
                                     :
THE AMERICAN MUSICAL AND DRAMATIC    :
ACADEMY,                             :
                                     :
                    Defendant.       :
------------------------------------- x

## CONSENT DECREE

1.  This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties: Plaintiff, Jason Camacho ("Plaintiff") and Defendant, The American Musical and Dramatic Academy ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" and individually as a "Party," as the context dictates, for the purposes and on the terms specified herein.

### RECITALS

2.  Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation, as more fully described in such enactments. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a). The Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 701, et seq., similarly prohibits discrimination on the basis of disability under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a).

3.   On or about November 13, 2018, Plaintiff filed this lawsuit in the United States District Court for the Southern District of New York, captioned *Jason Camacho v. The American Musical and Dramatic Academy*, Civil Action No. 18 Civ. 10535 (PAE)(KHP) (the "Action"). Plaintiff alleged that Defendant's website, www.AMDA.edu (the "Website"), is not fully accessible to individuals with visual disabilities in violation of the ADA, the Rehabilitation Act, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

4.   Defendant expressly denies that the Website violates any federal, state, or local law, including, among all others, the ADA, the Rehabilitation Act, the NYSHRL, or the NYCHRL, along with any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5.   This Consent Decree resolves, settles, and compromises all issues between these Parties that were or could have been raised in this Action.

## JURISDICTION

6.   Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a service, privilege, or advantage of the Defendant's physical locations, and on that basis asserts that it is a public accommodation subject to Title III of the ADA. 42 U.S.C. § 12181(7); 12182(a). Plaintiff further asserts that Defendant's operations, including its website, are a program or activity within the meaning of 29 U.S.C. § 794, and therefore, subject to the Rehabilitation Act. Defendant denies that its Website is subject to Title III of the ADA, the Rehabilitation Act, the NYSHRL, the NYCHRL, or other similar enactments, and further denies that its Website fails to comply

with any requirements imposed by the ADA, the Rehabilitation Act, the NYSHRL, the NYCHRL, or any other federal, state, or local law.

7. This Court has jurisdiction over this Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree, venue is appropriate.

## AGREED RESOLUTION

8. Plaintiff and Defendant agree that it is in the Parties' best interests to resolve the action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint or otherwise. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

9. Effective Date means the date on which this Consent Decree is entered on the Court's docket following the approval of the Court.

10. The term reasonable efforts means, with respect to a given goal or obligation under this Consent Decree, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used reasonable efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 15 through 25 of this Consent Decree. Reasonable efforts shall be interpreted so as to not require Defendant to undertake efforts, the cost, difficulty, feasibility (technological or otherwise), or impact of which on Defendant's Website, Website operations, or platform could constitute an undue burden, as defined in Title III of the ADA, and shall be as applied solely to Defendant's Website as though

it is a standalone business entity, and shall not be construed to require fundamental alterations in the manner in which Defendant operates its Website, changes in the primary functions related thereto, or changes that could result in a loss of revenue or traffic to its Website and/or related operations.

## TERM

11. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of twenty-four (24) months from the Effective Date, or (b) the date, if any, that national regulations and standards are adopted by the Department of Justice pertaining to websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

12. Pursuant to the terms of this Consent Decree, Defendant:

    a. shall use reasonable efforts not to deny persons with visual disabilities (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through its Website as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a); and

    b. shall use reasonable efforts to provide persons with visual disabilities (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through its Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b).

## COMPLIANCE WITH TITLE III OF THE ADA

13. Web accessibility conformance timeline: Defendant shall utilize reasonable efforts to provide full and fair enjoyment of the goods, services, privileges, advantages, and

accommodations afforded by and through the Website according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and to the extent such regulations contain compliance dates and/or deadlines further into the future than the dates set forth herein:

a. By no later than twelve (12) months from the Effective Date, the Defendant shall have used reasonable efforts to make its Website materially conform to the Web Content Accessibility Guidelines 2.1 Level AA Success Criteria ("WCAG 2.1 AA") regarding Website accessibility by persons with visual disabilities. There shall be no claim, challenge, issue, dispute, and/or enforcement action raised or pursued as to Defendant's obligations under this Consent Decree during the foregoing time-frame.

b. Defendant shall not be responsible for ensuring that third party content, plug-ins, and/or software, which are used by Defendant on or in connection with the Website or linked to from the Website, are accessible or otherwise conform to WCAG 2.1 AA.

c. During the time period in which this Consent Decree is in effect, Defendant shall test the Website on a periodic basis to check that it materially conforms to the requirement of this Consent Decree.

## SPECIFIC RELIEF TO PLAINTIFF

14. Specific relief: the Plaintiff and the Defendant have agreed to settle all matters relating to costs, expenses, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") hereby incorporated by reference into this Consent Decree (but which

shall not be subject to public disclosure). ~~The Settlement Agreement shall be provided to the Court in camera for inspection and review if the Court so requires in order to extend~~ its ~~enforcement jurisdiction over the terms of the Settlement Agreement.~~

## PROCEDURES IN THE EVENT OF DISPUTES

15. The procedures set forth below must be exhausted in the event that either Party has failed to meet its obligations pursuant to this Consent Decree. No breach or violation of this Consent Decree will be deemed to have occurred until the following procedures have been exhausted and failing any required compliance.

16. If a Party believes that the other Party hereto has not complied in all material respects with any provision of the Consent Decree, the Party claiming noncompliance shall provide the other Party with written notice of noncompliance containing the following information: (i) the specific alleged act of noncompliance, (ii) if related to the Website's accessibility, a reference to the specific provision(s) of the WCAG 2.1 AA alleged not to have been complied with along with details, (iii) a statement of the remedial action sought by the complaining Party, and (iv) a reasonably detailed statement of the specific facts, circumstances, and legal arguments supporting the position of the Party claiming noncompliance (a "Notice of Noncompliance"). All Notices of Noncompliance must include reasonable detail and shall be made in the manner set forth in Paragraph 21.

17. The Party to whom the Notice of Noncompliance is directed shall respond in detail within thirty (30) days of receipt of such Notice of Noncompliance to the allegations contained therein (a "Response to Notice of Noncompliance"), including, if directed at Defendant, any claim of inability to comply materially with this Consent Decree despite reasonable efforts in furtherance thereof. Within thirty (30) days of the receipt of the Response

to Notice of Noncompliance, the Parties will meet by telephone or in person in an attempt to informally resolve the issue(s) raised.

18. If the issue(s) remain(s) unresolved within thirty (30) days of the meeting referenced in Paragraph 17, the Parties each will have an additional thirty (30) days to select an expert of their choosing, and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design by the visually impaired who will evaluate the particular issue(s) raised based on whether a person, who has a visual disability and uses screen reader software and has average screen reader competency ("person with visual impairment who has average screen reader competency"), can adequately utilize the Website and/or whether the Defendant has utilized reasonable efforts to make its Website accessible to the visually impaired consistent with the requirements of this Consent Decree, along with an assessment of the related issues raised in a Notice of Noncompliance and those raised in a Response to Notice of Noncompliance.

19. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a visual disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are then currently supported by their publishers): Internet Explorer, Firefox, Safari, and/or Chrome; and (b) Defendant fails to remedy the issue using reasonable efforts within a reasonable period of time of not less than ninety (90) days of receiving written notice of the accessibility consultant's opinion. Also, if the accessibility consultant believes that it will take longer than ninety (90) days utilizing reasonable efforts to remedy any issues of noncompliance, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to

this Agreement of their respective Counsel. Further, if the accessibility consultant finds that a particular issue cannot be remedied using reasonable efforts (within a specific time-frame or otherwise), the Party to which the Notice of Noncompliance was directed shall not be deemed in violation or breach nor obligated to remedy such issue.

20. Any of the time periods set forth in this Consent Decree may be extended by mutual written agreement of the Parties.

21. Any notice, response, or communication required or permitted to be given to the Parties hereunder shall be given in writing by via email to the email addresses referenced below and also by nationally recognized courier (*e.g.*, FedEx) or United States first class certified mail, return-receipt requested, addressed as follows:

FOR PLAINTIFF:	Jeffrey Gottlieb
	Gottlieb & Associates
	150 East 18th St.; Suite PHR
	New York, New York 10003
	Tel: (212) 228-9795

FOR DEFENDANT:	Christopher A. Seacord
	Gordon Rees Scully Mansukhani, LLP
	1 Battery Park Plaza
	New York, New York 10004
	Tel: (212) 269-5500
	and via email to: cseacord@grsm.com

	with copies to:

	John Galgano, Esq.
	The American Musical and Dramatic Academy
	211 W. 61st St.
	New York, NY 10023
	and via email to: jgalgano@amda.edu

Notices under this Consent Decree shall be deemed received on the earlier of: the date actually received at the addresses referenced above, or the date on which such attempted

deliveries are refused (including the failure to claim certified mail in the manner required by the United States Postal Service within the time-period provided to claim such mail).

## MODIFICATION

22. No modification of this Consent Decree shall be effective unless in writing and signed by an authorized representative for each Party.

## ENFORCEMENT AND OTHER PROVISIONS

23. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

24. Other than any mutually agreed upon modifications agreed to in writing by authorized representatives for each Party entered into hereafter, this Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, agreement, either written or oral, made by any Party or agent of any Party preceding entry of this Consent Decree, unless contained in this Consent Decree (except for the Settlement Agreement), shall be enforceable. Further and notwithstanding anything else to the contrary, this Consent Decree shall be enforceable only by the Plaintiff or Defendant following and exhausting the procedures and time-frames stated herein or by the Court on its own initiative should the Court recognize any such noncompliance.

25. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, so long as this Consent Decree can be restated in a manner that maintains the original intent of the Parties when entered, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by

applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

### PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

26. The Parties of this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with visual disabilities as defined by the ADA, enabling those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

27. The signatories represent that they have the authority to bind the respective Parties, Plaintiff and Defendant, to this Consent Decree.

### CONSENT DECREE HAS BEEN READ

28. Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely and voluntarily by each Party executing it. The Parties each had an opportunity to consult with their selected Counsel prior to executing this Consent Decree.

JASON CAMACHO

Dated: 3/2/19        By: Jason Camacho

THE AMERICAN MUSICAL AND DRAMATIC ACADEMY

Dated: 3/4/19        By: _____

10

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED, the pleadings, law, underlying facts, and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading or allegation contained in this lawsuit, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA; and

6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits on each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint or otherwise.

NOW THEREFORE, the Court approves the Consent Decree, and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED this 6th day of March, 2019.

*Paul A. Engelmayer*
UNITED STATES DISTRICT JUDGE

This Court will not retain jurisdiction over the separate Settlement Agreement identified in ¶ 14 unless that Settlement Agreement is filed on the public docket.